```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF UTAH
```
_____

| | |
|---|---|
| JAMES HEAD,                  ) | **ORDER DENYING MOTION &** |
|                              ) | **MEMORANDUM DECISION** |
|         Plaintiff,           ) | |
|                              ) | Case No. 2:12-CV-596 DAK |
|    v.                        ) | |
|                              ) | District Judge Dale A. Kimball |
| DR. KENNON TUBBS et al.,     ) | |
|                              ) | |
|         Defendants.          ) | |

_____

Plaintiff, James Head, filed a *pro se* prisoner civil rights complaint.[1] Plaintiff now moves for appointed counsel.

Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion appoint counsel for indigent inmates.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5]

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39).

Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motions for appointed counsel.

IT IS HEREBY ORDERED that Plaintiff's motions for appointed counsel are DENIED[6]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 14th day of February, 2013.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court

---

[6] (*See* Docket Entry #s 5 & 9.)